UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ANN McINTIRE,

    Plaintiff,

v.

KALKASKA COUNTY FRIEND OF
THE COURT,

    Defendant.
_____/

Case No. 1:06-CV-29

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Wendy Ann McIntire's Motion for Reconsideration. Previously, this Court granted Plaintiff leave to proceed in this matter as a pauper and reviewed her Complaint to examine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2).[1] After conducting such review, the Court found that Plaintiff had failed to sufficiently articulate a short plain statement of her claims, *see* FED. R. CIV. P. 8(a), and failed to provide Defendant Kalkaska County Friend of the Court even the slightest hint as to the nature of her dispute. Instead, Plaintiff offered only conclusory allegations

---

[1] A complaint is frivolous under section 1915 if it is bereft of any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). The Court's determination of failure to state a claim under section 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *See Schied v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the ambit of section 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

and legal jargon to support her claims.  Therefore, the Court dismissed Plaintiff's Complaint for failure to state a claim.

Plaintiff's Motion for Reconsideration of this dismissal provides the Court with a little more by way of clarity, but still fails to state a cognizable claim.  The Court perceives Plaintiff's filings to evidence her belief that she has been erroneously denied custody of her child.  To wit, Plaintiff states her requested relief in her Complaint as:

> Plaintiffs pray this Court for immediate restoration/ elevation to equal custodial status for all "fit" (no proven abuse/neglect of kids) non-custodial who have already have any present, ongoing relationships (with the prior 30 days) with their minor children.
>
> Plaintiffs pray this Court for a progressive, probationary period opportunity for any and all "fit" non-custodial, who have been denied all visitation by custodial for 30 days or more, to achieve the same above status, upon successful completion of phased-back-in visitation schedule (suggested 4 to 8 week term of "probationary period"; documented exercise of all "visitation" parent is a strict violation, and can be used against that "unfit" custodial parent for switch of a permanent award of remaining sole custody).
>
> Plaintiffs pray this Court for prohibition against custodial move-aways of minor children from their original physical residence with the natural parents, or, that such a parent must provide voluntary relinquishment of his or her share of

(Pl.'s Compl. at 28) (unaltered).  Plaintiff's Motion for Reconsideration provides more of the same:

> Plaintiff would like Mr. Justice extradited back to Michigan to face the charges against him.
>
> Plaintiff wants Mr. Justice on a work-release program to GUARANTEE no fleeing from his responsibilities as far as employment and payment of child support funds.
>
> Plaintiff wants a court order that states Mr. Justice CANNOT live any further that 60 miles away from Plaintiff's residence so that Plaintiff can have ample time with her son.  And at any time Mr. Justice violates this Order, Mr. Justice will be immediately apprehended and brought to Kalkaska County to face charges, NO MATTER WHAT STATE HE IS IN.

> Plaintiff is asking for damages for suffering against the Kalkaska Friend of the Court, Kalkaska Family Court, and the Kalkaska County Prosecutors in the amount of $1.5 million dollars, separately. This amount in damages is to compensate the Plaintiff for her continued loss of relationship with her son.
>
> * * *

(Pl.'s Mot. for Recons. at 10) (unaltered). As is patently obvious, Plaintiff is seeking review of state court findings in federal court.

Accordingly, the Court observes that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction to hear this case. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). A United States district court "has no authority to review final judgments of a state court," *Feldman*, 460 U.S. at 482, even if the state court findings are erroneous. *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2nd Cir. 1986). Such errors (the Court accepts Plaintiff's allegations as true, FED. R. CIV. P. 12(b)(6)) are the province of the Michigan Court of Appeals, Michigan Supreme Court, and United States Supreme Court to correct. Thus, the Court remains steadfast in its belief that Plaintiff has failed to state a claim upon which relief can be granted and Plaintiff's Motion for Reconsideration will be denied. W.D. MICH. LCIVR 7.4(a) ("To prevail on such a motion, a movant must show "not only [] a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from correction thereof.").

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Wendy Ann McIntire's Motion for Reconsideration (Dkt. No. 7) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   April 18, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |